TABER v. TRUSTEES OF STATE HOSPITAL FOR INSANE OF SOUTH-
EASTERN DIST. OF PENNSYLVANIA.

(Circuit Court of Appeals, Third Circuit.   June 16, 1905.)

No. 3.

MASTER AND SERVANT—IMPLIED RENEWAL OF EMPLOYMENT—ACTION OF BOARD
OF TRUSTEES.

> Plaintiff was elected resident physician for a state hospital for the in-
> sane, for several terms of one year each.   At the expiration of one of
> such terms the board of trustees postponed action on the election of a phy-
> sician, and continued to postpone the matter for several meetings, when
> a successor to plaintiff was elected, and she was notified of such fact.
> She had full knowledge of the action taken at each meeting.   *Held* that,
> under such circumstances, there was no implied contract employing plain-
> tiff for another year, but at the expiration of the year for which she had
> been elected her employment was subject to termination at any time either
> by the board or by herself.

In Error to the Circuit Court of the United States for the East-
ern District of Pennsylvania.

See 127 Fed. 174.

Charles A. Chase, for plaintiff in error.

J. S. Prichard, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge.   The plaintiff in error brought an ac-
tion against the defendants in error to recover $2,072.50, with inter-
est, which she claimed to be due and owing to her by reason of
her removal from the position of resident female physician of the
State Hospital for the Insane of the Southeastern District of Penn-
sylvania.   The court below directed a verdict for the defendants,
which was accordingly rendered, and, judgment thereon having
been duly entered, this writ of error was sued out.

The facts were undisputed, and may be briefly summarized.   The
plaintiff was appointed resident female physician of the hospital on
October 1, 1896, for one year.   She was re-elected in October of
1897, of 1898, and of 1899, and in each instance for one year.   At
the annual meeting of the board in October, 1900, when, in the
usual course, the election of such physician for the then ensuing
year would have taken place, the election was "postponed for the
present."   A meeting was held in November, 1900, at which, so far
as appears, nothing material transpired; another in December, 1900,
at which the secretary was authorized to advertise for a resident
female physician, "and submit the application to the board at the
stated meeting January 4, 1901"; and another on January 4, 1901,
at which an election was entered upon, but no choice made; and,
finally, there was a meeting upon January 18, 1901 (to which time
the meeting of January 4, 1901, had been adjourned), at which the
following resolution was adopted by the board:

"That the secretary notify Susan J. Taber that the board of trustees, at
a meeting held this day, elected as her successor, as chief resident physician
of the female department, Dr. Mary M. Wolf, to enter upon her duties Feb-

138 F.—55

ruary 1, 1901; and that Dr. Taber be further notified to deliver to Dr. Wolf on that date all the books, papers, records, and property of the hospital in her possession."

As stated in the brief filed on her behalf:

"The claim of the plaintiff in error here is that having failed to dismiss her from the office which she held at the expiration of the year, but allowing her to remain in the exercise of the duties of her office, was, in legal effect, an employment for another year; and that the dismissal on the 1st day of February, 1901, was in violation of her contract with the hospital, and that she is entitled to recover the balance of her yearly salary, and a sum sufficient to cover her living expenses for the balance of the year."

The legal proposition which has been invoked to support this claim is inapplicable to the present case. It is true, no doubt, that where a person employed for one year continues in the employment, by mutual acquiesence, after the expiration of the year, the inference ordinarily is that the term of the employment has been extended for another period of one year; but in this instance that inference cannot be deduced. No renewal of the plaintiff's employment for any fixed period can be implied, because the established facts do not admit of it. She was not re-elected in October, 1900, and she knew it. She was informed, too, of all the proceedings which have been referred to, from time to time as they occurred. They were contemporaneously recorded in the minutes of the board, and she testified that she always looked at the minutes; that it was part of her duty to do so. She saw fit to remain in her position with full knowledge that the question of her re-election was an open one, and she could not have failed to understand that, until an election should actually take place, her employment was but temporary, and subject to termination at any time, either by the board or by herself. She had no ground whatever for supposing that, if not re-elected, she would be retained precisely as if she had been; and her contention that there was, in legal effect, an employment for another year, is without force, because the implication of an agreement to that effect is absolutely precluded by the circumstances which the evidence conclusively disclosed.

The second section of the Pennsylvania statute of June 4, 1879 (P. L. 98), to which our attention has been called, provides that the appointment of a female physician for such a hospital as this shall be for a term not exceeding five years, and that she shall not be subject to removal within that term, except for cause. But as the plaintiff was not removed within any term for which she had been appointed, this provision is wholly irrelevant.

The judgment of the Circuit Court is affirmed.